IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-08-27-BMM-2 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JOHNNY LYNN OLD CHIEF, | |
| Defendant. | |

## I. Synopsis

The United States accused Johnny Lynn Old Chief of violating his conditions of supervised release by 1) refusing to allow a home inspection, 2) failing to provide a breath sample, 3) consuming alcohol, and 4) committing an assault, threatening a public official, resisting arrest, carrying a concealed weapon, and obstruction of justice. Mr. Old Chief denied the first violation, but admitted to the remaining violations. His supervised release should be revoked, and he should be sentenced to fourteen months in custody, with sixteen months of supervised release to follow.

## II. Status

A jury found Mr. Old Chief guilty of Aiding and Abetting Assault with a Dangerous Weapon on May 7, 2008. (Doc. 54). United States District Court Judge Sam Haddon sentenced Mr. Old Chief to 120 months in custody followed by 36 months of supervised release on August 25, 2008. (Doc. 70). He began his current term of supervised release on November 18, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on December 12, 2016, detailing Mr. Old Chief's use of alcohol and illegal drugs and his failure to report for chemical dependency treatment. (Doc. 102). The Probation Office filed a second Report of Offender Under Supervision on December 15, 2016, detailing Mr. Old Chief's continued use of alcohol. (Doc. 105). United States District Judge Brian Morris allowed him to continue his supervised release with the understanding that he would attend chemical dependency treatment and bring himself into compliance with his conditions of supervised release.

On December 27, 2017, the Probation Office filed a Petition for Warrant for Offender Under Supervision, accusing Mr. Old Chief of violating the conditions of his supervised release by (1) failing to appear for Phase testing; and (2) failing to attend outpatient chemical dependency treatment. (Doc. 103). On January 30, 2017, Mr. Old Chief' supervision was revoked and he was sentenced to six months

in custody, followed by 30 months supervised release. (Doc. 112). Mr. Old Chief began the current term of supervised release on July 5, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on July 26, 2017, accusing Mr. Old Chief of violating: 1) Standard Condition 6 by preventing a Probation Officer from conducting a home inspection by threatening the officer's safety, 2) Special Condition 1 by refusing to provide a breath sample when, after the officer displayed his PBT, Mr. Old Chief uttered a profanity and went inside his home, 3) Special Condition 3 by admitting to consuming three beers and one shot of whiskey on July 8, 2017, and 4) by committing an assault, threatening a public official, resisting arrest, carrying a concealed weapon, and obstructing justice on July 16, 2017. The Petition alleges that on that date, a Blackfeet Police Officer responded to a service call at Mr. Old Chief's residence. Mr. Old Chief gave chase, and the officer apprehended him in his home, where he resisted. The Petition further alleges that Mr. Old Chief's brother, Maynard Old Chief ("Maynard"), closed the door behind the officer, trapping him in the home, and subsequently attacking the officer from behind. The officer then fought with the Mr. Old Chief and Maynard until back-up arrived and apprehend both men.

**Initial appearance**

Mr. Old Chief appeared before the undersigned for an initial appearance on August 24, 2017, in Great Falls, Montana.  Federal Defender Bill Levine accompanied him at the initial appearance.  Assistant United States Attorney Jared Cobell represented the United States.

Mr. Old Chief said he had read the petition and understood the allegations.  He waived the preliminary hearing and the detention hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Old Chief admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of his supervised release.

Mr. Old Chief's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 30 months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Levine recommended a sentence of eight months for Mr. Old Chief. Mr. Old Chief exercised his right of allocution and stated it was dark and he did not know what was going on, and that the knife in his back pocket was there because

he was using it earlier to open packages and forgot it was there. He also stated that he was willing to follow the rules. Mr. Cobell recommended a sentence of fourteen months in custody, with sixteen months of supervised release to follow.

### III. Analysis

Mr. Old Chief's supervised release should be revoked because he admitted violating its conditions. Mr. Old Chief should be sentenced to fourteen months in custody, with sixteen months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Old Chief was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Old Chief's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Johnny Lynn Old Chief violated the conditions of his supervised release by 1) failing to provide a breath sample, 2) consuming alcohol, and 3) committing an assault, threatening a public official, resisting arrest, carrying a concealed weapon, and obstruction of justice.

The Court **RECOMMENDS:**

> The district court should revoke Mr. Old Chief's supervised release and committing him to the custody of the United States Bureau of Prisons for fourteen months, with sixteen months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of August 2017.

_____
John Johnston
United States Magistrate Judge