# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-27-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JOHNNY LYNN OLD CHIEF, | |
| Defendant. | |

## I. Synopsis

Defendant Johnny Lynn Old Chief (Old Chief) has been accused of violating the conditions of his supervised release by using methamphetamine, and by committing another crime. Old Chief admitted that he had used methamphetamine. The government made no attempt to prove that Old Chief had committed another crime. Old Chief's supervised release should be revoked. Old Chief should be placed in custody for 5 months, with no supervised release to follow.

## II. Status

Old Chief was found guilty of Assault with a Dangerous Weapon on May 7, 2008, following a jury trial. (Doc. 51). The Court sentenced Old Chief to

120 months of custody, followed by 3 years of supervised release. (Doc. 73). Old Chief's current term of supervised release began on July 20, 2018. (Doc. 154 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Old Chief's supervised release on January 7, 2019. (Doc. 148). The Petition alleged that Old Chief had violated the conditions of his supervised release by using methamphetamine, and by committing another crime. United States District Brian M. Morris issued a warrant for Old Chief's arrest on January 7, 2019. (Doc. 149).

**Initial appearance**

Old Chief appeared before the undersigned for his initial appearance on January 15, 2019. (Doc. 151). Old Chief was represented by counsel. Old Chief stated that he had read the petition and that he understood the allegations. Old Chief waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

The Court conducted a revocation hearing on January 15, 2019, and on February 5, 2019. Old Chief admitted that he had violated the conditions of his

supervised release by using methamphetamine. The government made no attempt to prove that Old Chief had committed another crime.

Old Chief's supervised release violation is a Grade C violation. Old Chief's criminal history category is VI. Old Chief's underlying offense is a Class C felony. Old Chief could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 16 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Old Chief's supervised release should be revoked. Old Chief should be incarcerated for 5 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Old Chief that the above sentence would be recommended to Judge Morris. The Court also informed Old Chief of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Old Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Old Chief stated that he wished to

3

waive his right to object to these Findings and Recommendations, and that he

wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

>That Johnny Lynn Old Chief violated the conditions of his supervised
>release by using methamphetamine.

The Court **RECOMMENDS:**

>That the District Court revoke Old Chief's supervised release and
>commit him to the custody of the United States Bureau of Prisons for
>a term of 5 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

4

district court judge.

DATED this 6th day of February, 2019.

John Johnston
United States Magistrate Judge